UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOANNE ANN HALUPKA,

    Plaintiff,

v.                                                Case No.:  6:22-cv-774-KCD

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## **ORDER**

Plaintiff Joanne Ann Halupka sues under 42 U.S.C. § 405(g) to challenge the Commissioner of Social Security's decision denying her application for disability benefits. (*See* Doc. 1.)[1] For the reasons below, the Commissioner's decision is affirmed.

## **I. Background**

Halupka filed for disability benefits in 2020, claiming she could no longer work because of arthritis, drop foot, scoliosis, degenerative disc disease, and cysts. (Tr. 232.)[2] Her application was denied initially and again upon

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

[2] Citations to the administrative record are designated by "Tr." with a pin-cite if needed.

reconsideration. (Doc. 17 at 2.) She then requested further review before an administrative law judge ("ALJ").

Following a hearing, the ALJ concluded that Halupka had severe impairments of "degenerative disc disease of the lumbar spine, obesity, and peripheral neuropathy." (Tr. 12.) Still, the ALJ found Halupka had the residual functional capacity ("RFC") to perform sedentary work with these added restrictions:

> [S]he is able to lift and carry less than ten pounds frequently and ten pounds occasionally. She remains able to stand and/or walk for two hours total out of eight hours, and she is able to sit for a total of six hours in an eight-hour workday. The claimant remains able to climb ramps and stairs, balance, stoop, kneel, crouch and crawl occasionally, and she should never climb ladders, ropes, or scaffolds. The claimant should avoid concentrated exposure to extreme cold, and she should avoid even moderate exposure to vibration and hazards. The claimant requires a cane to walk for short distances.

(Tr. 13.)[3]

After considering the RFC and other evidence, including testimony from a vocational expert, the ALJ concluded that Halupka could successfully

---

[3] An individual claiming disability benefits must prove that she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

transition to other jobs in the national economy. (Tr. 19.) Thus, Halupka was not disabled as that term is defined in this context. She then exhausted her administrative remedies, and this lawsuit timely followed. (Doc. 1.)

## II. Standard of Review

Review of the Commissioner's (and, by extension, the ALJ's) decision denying benefits is limited to whether substantial evidence supports the factual findings and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *see also Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). It is more than a mere scintilla but less than a preponderance. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The Supreme Court recently explained that, "whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek*, 139 S. Ct. at 1154.

When determining whether the ALJ's decision is supported by substantial evidence, the court must view the record as a whole, considering evidence favorable and unfavorable to the Commissioner. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). But the court may not reweigh the evidence or substitute its judgment for that of the Commissioner. And even if the evidence preponderates against the Commissioner's decision, the reviewing

court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). Finally, "[u]nder a substantial evidence standard of review, [the claimant] must do more than point to evidence in the record that supports [her] position; [she] must show the absence of substantial evidence supporting the ALJ's conclusion." *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017).

### III. Analysis

Halupka argues the ALJ failed to properly evaluate "[her] pain testimony in line with the Eleventh Circuit Pain Standard and SSR 16-3p." (Doc. 17 at 16.) Relevant to this claim, Halupka testified she experienced a sudden pain in her right leg while working. She thought it was a muscle issue and the pain would subside. But it did not. When Halupka finally sought treatment, she was diagnosed with a "somatic nerve" and given medicine. (*Id.* at 13.) The drugs apparently didn't help, and she eventually underwent surgery. Halupka testified that, even post-surgery, she is in constant pain: "like a burning, pinching feeling, with pins and needles and tingling." (*Id.* at 14.) The pain allegedly leaves Halupka unable to sleep or perform even basic tasks such as walking or sitting for any relevant period. (*Id.*)

The ALJ at least partially accepted Halupka's testimony, limiting her to a reduced range of sedentary work with a variety of postural and environmental limitations. But the ALJ rejected Halupka's contention that she

4

was more limited than the RFC. Specifically, the ALJ found that Halupka's statements were "inconsistent with the objective medical evidence, which documents the claimant's surgical history and impairments, but does not indicate that the impairments preclude work within the above residual functional capacity." (Tr. 14.)

A claimant may establish that she has a disability through her "own testimony of pain or other subjective symptoms." *Dyer*, 395 F.3d at 1210. To so do, she "must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson*, 284 F.3d at 1225. If this standard is met, then "all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561. And "[t]he claimant's subjective testimony . . . [may] itself [be] sufficient to support a finding of disability." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

According to Halupka, the ALJ "misapplied [the above] pain standard." (Doc. 17 at 17.) The ALJ found she satisfied prongs (1) and (2)(a). (Tr. 14.) Given that, it was "improper . . . to [also] require objective evidence confirming

5

the severity of the alleged pain." (Doc. 17 at 17.) In other words, the ALJ wrongly required both "Part [2(a)] [and] Part [2(b)] of the pain standard." (*Id.* at 18.)

To borrow a southern colloquialism, that dog won't hunt. The ALJ did not require Halupka to submit objective evidence to consider her pain allegations. The ALJ accepted her testimony, but then discounted portions based on inconsistencies with the objective evidence. That approach is entirely appropriate under the regulations and Eleventh Circuit precedent. *See Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) ("After considering a claimant's complaints of pain, the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence."); *Chatham v. Comm'r of Soc. Sec.*, 764 F. App'x 864, 868 (11th Cir. 2019) ("The ALJ, after considering a claimant's complaints of pain, may reject them as not creditable.").

The ALJ also provided substantial evidence to support her credibility assessment. Among other things, the ALJ observed that Halupka drove herself to a post-surgery appointment and had no problems getting on and off the examination table. (Tr. 789-91.) It was also reported that Halupka could tandem walk, walk at a good pace, and squat halfway to the floor. (*Id.* at 794.) At bottom, the ALJ's thorough review of the medical records provides all the evidence needed to uphold her assessment of Halupka's subjective allegations

6

and RFC. *See, e.g.*, *Mennella v. Comm'r of Soc. Sec.*, 697 F. App'x 665, 666 (11th Cir. 2017).

Halupka spends much of her brief laboring to show that the medical evidence reflects her subjective complaints. For instance, she stresses that in several post-surgery appointments she reported "little improvement" and "pain radiating down bilateral lower extremities." (Doc. 17 at 19.) But these arguments essentially ask the Court to reweigh the evidence, which is not allowed. "Resolution of conflicts in the evidence, including conflicting medical opinions and determinations of credibility are not for the courts; such functions are solely within the province of the Secretary." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973).

While a different factfinder may well have credited Halupka's reported limitations and built them into the RFC, that is not the test. The dispositive question here is whether there is "such relevant evidence as a reasonable mind might accept as adequate" to support the ALJ's conclusion. *Biestek*, 139 S. Ct. at 1154. "The substantial evidence threshold is not high and defers to the presiding ALJ, who heard testimony and reviewed the medical evidence." *Rodriguez v. Berryhill*, 836 F. App'x 797, 803 (11th Cir. 2020). Given this low bar, the Court must affirm.

## IV. Conclusion

Considering the record as a whole, substantial evidence supports the ALJ's findings and Halupka has failed to show error. Accordingly, the Court **AFFIRMS** the Commissioner's decision and directs the Clerk to enter judgment for the Commissioner and against Halupka and close the file.

**ENTERED** in Fort Myers, Florida on July 20, 2023.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record